*ployer: Palm Gardens Receivership*, 2010 WL 3841750, *2, 2010 NY Wrk Comp LEXIS 08180, *4 [WCB 0073 8486, Sept. 30, 2010]) and that "where a carrier has been given an opportunity to rebut [a] claimant's evidence of non-receipt of payment, and has failed to do so, it is appropriate to direct the carrier to reissue the check" (*Employer: Palm Gardens Receivership*, 2010 WL 3841750 at *2, 2010 NY Wrk Comp LEXIS 08180 at *5; *see Employer: S & H Clinton Assoc.*, 2011 WL 2329611, *2, 2011 NY Wrk Comp LEXIS 03390, *4 [WCB G000 1755, June 10, 2011]; *Employer: Turnabout Food Corp.*, 2003 WL 21369408, *1, 2003 NY Wrk Comp LEXIS 83192, *2-3 [WCB 0000 5863, June 9, 2003]).

"While the Board is free to alter a course previously set out in its decisions, it must set forth its reasons for doing so, and the Board's failure to do so renders its decision arbitrary and capricious" (*Matter of Catapano v Jaw, Inc.*, 73 AD3d 1361, 1362 [2010] [citations omitted]; *accord Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1015 [2013]). As the Board did not provide its reasoning for departing from its prior precedent, that part of the decision must be reversed and the matter remitted for further proceedings (*see Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d at 1015; *Matter of Ramadhan v Morgans Hotel Group Mgt., LLC*, 91 AD3d 1141, 1141-1142 [2012]).

Peters, P.J., Lahtinen and Clark, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as determined that the employer did not have to issue another benefits check related to claimant's schedule loss of use of her left hand; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; RICHARD ROBERT CORNETTA JR., Respondent. [19 NYS3d 443]—Per Curiam. Respondent, who was admitted to practice by this Court in 1991, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Garry, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; ALLISON FULTON, Respondent. [21 NYS3d 640]—Per Curiam. Respondent, who was admitted to practice by this Court in 2006, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and she is ordered reinstated, effective immediately.

Garry, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; ONNIE BARNES JACQUE, Respondent. [19 NYS3d 203]—Per Curiam. Respondent, who was admitted to practice by this Court in 1992, was suspended by this Court's order dated September 24, 2009 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (65 AD3d 1447 [2009]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and she is ordered reinstated, effective immediately.

Garry, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and